IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number 1:22-CV-03010 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| HINSDALE TOWNSHIP HIGH | ) |
| SCHOOL DISTRICT 86, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Board of Education of Hinsdale Township High School District No. 86 ("District" or "Board"), by and through its attorneys, Pamela E. Simaga and Katherine A. LaRosa of Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP, herby move for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support therefore, the District states as follows:

**INTRODUCTION**

Plaintiff brings the instant Complaint against her former employer, the District. The Plaintiff's Complaint, though conveniently vague, still puts forth enough allegations to show that, even at this early stage of pleadings, her claims have no merit and fail to state a claim. Plaintiff admits that she worked for many years, from 1997 to 2020. (Compl. ¶ 5.) Her work for the District began well before COVID-19 or before working remotely in the education setting was even a possibility. Plaintiff then pleads that she refused to report to work on August 10, 2020, the first day of a new school year, when the District required *all* classroom paraprofessionals, which included the Plaintiff, to return to work in-person. (Compl. ¶ 12.) Moreover, she failed to report to work from August 10, 2020 until the District sent her a termination notice on November 17, 2020.

(Comp. ¶ 20.) She then voluntarily accepted the District's offer that she retire in lieu of termination. After all that, Plaintiff has the gall to file this lawsuit. Her three-count suit is the equivalent of throwing spaghetti at the wall to see what sticks.

Nevertheless, each of the three counts in Plaintiff's complaint—(1) violation of the ADEA, (2) retaliatory discharge, and (3) violation of the FMLA—each fail to adequately plead a claim. Her ADEA claim is noticeably and obviously devoid of any causal connections between Plaintiff's age and the District's actions. In addition, her admitted constructive, rather than actual discharge, pleads her out of both her ADEA and retaliatory discharge claims. Finally, her FMLA claim is devoid of sufficient allegations about any serious medical condition. Thus, this Court should dismiss her Complaint pursuant to Section 12(b)(6) for failure to state a claim.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint must provide the grounds of the claimant's entitlement to relief, contain more than formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**I.      This Court Should Dismiss Count I Because Plaintiff Fails to Plead Causation or an Adverse Employment Action under the ADEA.**

**A.      Legal Standard**

The ADEA provides that it is "unlawful for an employer *** *to discharge* any individual or otherwise discriminate against any individual with respect to his compensations, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of employment discrimination, the plaintiff must demonstrate that: "(1) he was in the protected age group; (2) he was performing according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably." *Biolchini v. General Elec. Co.*, 167 F.3d 1151, 1153–54 (7th Cir.1999) (internal citation omitted). "[T]he prima facie case requires 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion.'" *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). "The common theme which runs through all ADEA cases is . . . facts to infer that the employer treated an older employee less favorably, than a younger employee, *because* of his age." *E.E.O.C. v. Sears, Roebuck & Co.*, 883 F. Supp. 211, 214 (N.D. Ill. 1995) (internal citation omitted) (emphasis added). In other words, a plaintiff suing under the ADEA "must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

**B.      No Causation Pled**

A plaintiff suing under the ADEA "must prove, by a preponderance of the evidence that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). Here, Plaintiff's Complaint fails to include any allegation that the District treated her adversely *because* of her age. The Complaint only alleges that she is

3

69 years old and "has a legitimate fear for her personal health and safety due to the COVID-19 pandemic." (Compl. ¶ 10.) She further alleges that the District "demanded that all paraprofessionals work in person when the school started on August 10, 2020." (Compl. ¶ 11.) Plaintiff then makes the conclusory statement that "Defendant treated younger employees more favorably by creating dangerous working conditions for older employees." (Compl. ¶ 24.) However, noticeably absent between those paragraphs—or anywhere else in the Complaint—is the simple, yet necessary allegation that the District was motivated by Plaintiff's age or implemented polices that discriminated against employees based on their age. To the contrary, her allegations acknowledge that the District required <u>all</u> paraprofessionals (age notwithstanding) to work in person at the start of the school year. (Compl. ¶ 11.) Simply stating that she believed the conditions at work to be dangerous for anyone over 65 years old does make the District's age-blind decision to have all of its classroom paraprofessionals in the school building discriminatory. Thus, Plaintiff fails to adequately plead but for causation and her claim should be dismissed.

    **C.**    **No Adverse Employment Action**

Similarly, Plaintiff has failed to plead an adverse employment action. The Seventh Circuit has established that an "adverse employment action must be materially adverse, not merely an inconvenience or a change in job responsibilities. An adverse employment action is one that significantly alters the terms and conditions of the employee's job . . ." *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Plaintiff only alleges that she was required to report to work in person—a requirement that had always existed as part of her employment "of many years" at the District. (Compl. ¶ 8). She fails to plead how this requirement to work in person on August 10, 2020, significantly altered the terms and conditions of her employment and similarly fails to plead any other adverse employment action under the ADEA.

4

Indeed, there is at least one district court that has held, on a 12(b)(6) motion, that requiring an employee over 65 to work in-person during the COVID-19 pandemic did not create an actionable adverse employment action under the ADEA. Indeed, in *Kincheloe v. American Airlines, Inc.*, a Northern District of California court dismissed a suit brought by two flight attendants who alleged that their choice to either retire or return to work in person was unlawful age discrimination. No. 21-CV-00515-BLF, 2022 WL 1409235, at *3 (N.D. Cal. May 4, 2022). The court held that, on a Rule 12(b)(6) motion to dismiss, the plaintiffs had not sufficiently alleged that the incentive program was discriminatory based on age. *Id.* Additionally, the court held that the plaintiff flight attendants failed to show constructive discharge because "American [Airlines] did not have control over . . . the disparate effects of COVID-19 on the older population generally, and thus those conditions cannot be 'as a result of discrimination' such that they amount to a constructive discharge." *Id.* at *4.

Plaintiff has failed to plead how the District allegedly discriminated against her based on age when the District had no control over the effects of COVID-19 on persons over 65 years old and when she chose to retire rather than appear for work. Thus, Plaintiff failed to adequately plead a cause of action under the ADEA against the District, and this Court should dismiss Count I.

**II.     This Court Should Also Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim for Retaliatory Discharge.**

Next, Plaintiff fails to state a claim for common law retaliatory discharge. First, Illinois law does not recognize retaliation claims based on constructive discharge. To state a claim for retaliatory discharge, an employee must demonstrate that: 1) she was discharged; 2) her discharge was in retaliation for her activities; and 3) that the discharge contravenes a clearly mandated public policy. *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 529 (1988); *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 529 (1985). Indeed, Illinois courts have consistently and repeatedly

5

expressed their hesitation to expand the scope of retaliation claims and have not construed "discharge" beyond actual termination. *See, e.g., Metzger v. DeRosa*, 209 Ill. 2d 30, 44 (2004) ("[T]his court has consistently sought to restrict the common law tort of retaliatory discharge" and "[w]e have . . . *never* recognized a common law tort for any injury short of actual discharge.") (emphasis in original); *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 467-68 (1999) ("[T]his court has thus far declined to recognize a cause of action for retaliatory constructive discharge or retaliatory demotion."); *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 39 (1994) ("We note that Illinois courts have refused to accept a 'constructive discharge' concept."); *Hartlein v. Ill. Power Co.*, 151 Ill. 2d 142, 163 (1992) ("We further decline to expand the tort of retaliatory discharge, on these facts, to encompass the concept of 'constructive discharge.'").

The Seventh Circuit acknowledges that Illinois courts take a firm stance in that nothing short of actual discharge can state a claim for retaliatory discharge. *See Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004) ("[O]nly an *actual* termination can support an employee's retaliatory discharge claim under Illinois law."). In fact, the Seventh Circuit has explained: "On several occasions, plaintiffs have come forward stating claims for 'constructive' discharge—i.e., their employers made the work environment so inhospitable for the targeted employee that he or she was effectively forced to resign. Each met with the same result: dismissal for failure to state a cause of action under Illinois law." *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir. 1992).

Here, Plaintiff does not—and cannot—plead a cause of action for retaliatory discharge. She has pled herself out of the claim by admitting that she retired rather than be discharged. (Compl. ¶ 21 (admitting Plaintiff emailed the District's Human Resources to retire), ¶ 29 (also acknowledging Plaintiff retired.)) Though Plaintiff calls it an "involuntary retirement," anything

short of an actual termination does not state a claim for retaliatory discharge. Plaintiff chose to retire and was not discharged. Thus, under well-established law, Plaintiff cannot state a claim for retaliatory discharge.

Assuming, *arguendo,* that constructive discharge were enough to state a retaliatory discharge claim under Illinois law, which it is not, Plaintiff's very allegations show that she was not constructively discharged. A plaintiff "must allege more than a dislike for her new assignments or a preference for her old ones for her case to go forward." *Vance v. Ball State Univ.*, 646 F.3d 461, 474 (7th Cir. 2011). A conflict between an employee's preferred working conditions and the employer's legitimate requirements does not mean that the working conditions are "unbearable" for purposes of constructive discharge. Here, Plaintiff alleges nothing more than her own work preference, which is insufficient. Instead, she was told to work in person, something she had done for more than 20 years. (Compl. ¶ 7.) This basic work requirement, which Plaintiff long complied with, cannot be the basis for an "unbearable" working condition such that it would constitute a constructive discharge. Because Plaintiff cannot show a constructive discharge took place, this Court should dismiss Count II.

**III.    Count III Fails to State a Claim under the FMLA, andOn Should Be Dismissed.**

Plaintiff failed to establish a claim under the FMLA. To state a claim against an employer for violating the FMLA, a plaintiff must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled. *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 590 (7th Cir. 2008). Here, Plaintiff failed to plead a claim under the FMLA because she failed to plead that she was entitled to leave.

7

Plaintiff only pleads the conclusory statement that she "reasonably believed" that her leave was "allowable under the FMLA" (Compl. ¶ 33). But absent from the face of the Complaint is any allegation of what qualified her for FMLA leave. Plaintiff fails to plead a qualifying "serious health condition," which FMLA defines as a "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *see also Burnett v. LFW Inc.*, 472 F.3d 471, 478 (7th Cir. 2006). Plaintiff only states that she "began requesting FMLA paperwork" (Compl. ¶ 11) but does not allege that she or a family member had a "serious health condition." The most she pleads is that her son was "scheduled for surgery and the doctor wanted Plaintiff and her son to quarantine before operation" and that she "requested FMLA paper [sic] paperwork." (Compl. ¶ 19) (though it is unclear if she claims her own or her son's health condition would qualify her for FLMA). She later alleges: "Plaintiff's request for leave from employment to care for her son and his medical requirements was reasonably believed by Plaintiff to constitute temporary 'intermittent leave' allowable under the FMLA" (Compl. ¶ 33). Nowhere in her Complaint does Plaintiff state that she, nor her son—nor anyone else in her family—qualified as having a serious medical condition under the FMLA. This is simply not enough to survive a 12(b)(6) motion. Thus, this Court should dismiss Count III for failure to state a claim.

## CONCLUSION

Plaintiff failed to state a claim against the District. First, she fails to state a claim in Count I under the ADEA because she did not allege sufficient facts to show that her so-called involuntary retirement was an adverse employment action, and she alleges no but-for causation. Second, she fails to state a claim in Count II for "retaliatory discharge" because she admits she was not

8

terminated and anything short of an actual termination fails. Finally, Plaintiff fails to state a claim in Count III under the FMLA because she fails to plead that she or a family member qualified for FMLA leave. Consequently, Plaintiff's Complaint should be dismissed in its entirety.

      WHEREFORE, Defendant Board of Education for Hinsdale Township High School District No. 86 prays that this Court will grant its Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ Pamela E. Simaga
One of the Attorneys for Defendant

Pamela E. Simaga, ARDC No. 6310283
Katherine A. LaRosa, ARDC No. 6329999
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Blvd, Suite 1000
Itasca, IL 60143
psimaga@hlerk.com
klarosa@hlerk.com

**CERTIFICATE OF SERVICE**

      Pamela E. Simaga, an attorney, hereby certifies that on September 9, 2022, a true and correct copy of the foregoing Defendant's Motion to Dismiss was electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, via its CMF/ECF system which will send notification of such filing to the following:

Richard J. Gonzalez
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5079
rgonzale@kentlaw.edu

                                            By: /s/ Pamela E. Simaga
                                            One of the Attorneys for Defendant

Pamela E. Simaga, ARDC No. 6310283
Katherine A. LaRosa, ARDC No. 6329999
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Blvd, Suite 1000
Itasca, IL 60143
psimaga@hlerk.com
klarosa@hlerk.com

1056094_2