IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE ROBBINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number 1:22-CV-03010 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| HINSDALE TOWNSHIP HIGH SCHOOL ) | |
| DISTRICT 86, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

NOW COMES Plaintiff, Candace Robbins, by and through her attorney, Richard J. Gonzalez, IIT Chicago-Kent College of Law, and responds to Defendant's Motion to Dismiss for Failure to State a Claim:

**I.    OVERVIEW**

Defendant has filed an overly aggressive motion to dismiss in this matter that alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. Section 626(c)), the Family Medical Leave Act, 29 U.S.C. Section 2601, and common law retaliatory discharge for vocalizing opposition to a dangerous condition that affects the health, safety, and welfare of the public at large. "Notice" pleading requirements for discrimination claims have never been held to the standard urged by Defendant and there is probably not another issue that is as important to the health, safety, and welfare of the public at large than safety protocols related to the Covid pandemic.

**II.    PLAINTIFF STATES A CLAIM FOR VIOLATION OF ADEA**

Defendant cites *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) for the proposition that a plaintiff needs to allege "more than formulaic recitations of the elements of a cause of action." Yet the standard urged by Defendant far exceeds customary notice pleading standards. The Supreme Court in fact noted in *Twombly* that that F.R.C.P. 8 does not require "detailed factual allegations." The allegations need to be just "enough to raise a right to relief above the speculative level." *Id.,* at 555.

For example, as the Seventh Circuit ruled in an ADEA case, "a motion for summary judgment requires the plaintiff to produce some proof of his claims; pleading standards are different. In this type of case, a plaintiff need plead only the type of discrimination, when it occurred, and by whom." *Stumm v. Wilkie,* 796 Fed. App'x 292, 295 (7th Cir. 2019). See also *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510-11 (2002). "This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."

Plaintiff alleges in this Complaint that she is 69 years of age. (Para. 10). She alleges that she was required to report to work in person, whereas similarly situated younger individuals were permitted to work remotely. (Para. 24). She further alleges that – due to the unsafe conditions in the workplace- including unmasked construction workers, inadequate space to socially distance, and poor ventilation- she sought to work remotely in compliance with Center for Disease Control guidelines for employees over the age of 65. (Paras. 13 &14). She further alleges that a colleague of Plaintiff passed away after contracting Covid in the workplace. (Para. 10). In short, her Complaint pleads typical facts to support a violation of ADEA.

Defendant however conflates two unrelated issues—adequacy of pleading and the "but for" causation standard typically used in AEA cases. Indeed, *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167 (2009) gives no indication that the "but for" standard enhances pleading

requirements. Further, Defendant has a tendency to cite summary judgment cases, rather than motion to dismiss cases, such as *Biolchini v. General Electric Co.,* 167 F.3d 1151 (7th Cir. 1999). And its cite to a Northern District of California case, *Kincheloe v. American Airlines, Inc.,* is off point because it concerned an incentive program that allowed retirement.

Further, Plaintiff alleges age-related statements beyond inferential proof. For example, she was told pointblank that she needed to "retire" if she would not report to work in person (Para. 16) and that the District was not going to follow the Center for Disease Control and Prevention guidelines for older employees. (Para. 15). Indeed, Plaintiff was told that she was fired at a November 17, 2020 Board meeting for "insubordination and job abandonment." (Para. 20).

Defendant's argument that Plaintiff pleads no adverse action is a frivolous argument.

### III. PLAINTIFF STATES A CLAIM FOR RETALIATORY DISCHARGE

Ever since the Illinois Supreme Court decision in *Palmateer v. Int'l Harvester*, 85 ILL. 2d 124 (1980), Illinois courts have recognized that retaliation against an employee for protesting matters that affect the health, safety, and welfare of the public at large is unlawful. The basis for that protection is that we, as a society, want employees to be able to raise issues of such importance within the workplace without fear of retribution.

A recent Northern District Illinois decision, *Dunn v. Hamra Enterprises and Hamra Mgmt. Co., LLC*, 2022 WL 4291028, 20 cv 4329 (N.D. Il. 9/16/22) is particularly germane. In denying a defense motion to dismiss a common law retaliatory discharge claim, the Court held:

"Furthermore, Dunn's complaint about potential health and safety hazards at the Carpentersville maintenance facility is sufficient as well…Dunn's Complaint regarding the Carpentersville facility concerned an apparent failure to provide basic hygiene accommodations and potential (and even likely) exposure to Covid-19."

*Id.*, at page 17).

Indeed, it is unlikely that as a society we have faced a health and safety matter as serious as the Covid epidemic in our lifetimes. There can be no doubt – despite Defendant's argument that Plaintiff cannot show that her discharge "contravenes a clearly mandated public policy." The safety measures endorsed by the Center for Disease Prevention and Control clearly suffice to constitute a "clearly mandated public policy."

That protests of lax precautions during the pandemic meets the standard for a retaliatory discharge claim is also clear in the cases of *Mazurkiewicz v. Northwestern Memorial Hospital*, 2020 Lexis 2698 (noting that Covid protections is a clearly mandated public policy in Illinois) and *Johnson v. Gerreshmier Glass, Inc.*, 2022 Lexis 5984 21 cv 4079 (noting that concerns about quarantining fall within Illinois public policy.

### IV. PLAINTIFF STATES A CLAIM FOR VIOLATION OF THE FMLA

Finally, Defendant seeks to dismiss the FMLA Count on grounds that Plaintiff "failed to plead that she was entitled to leave." In so doing, Defendant pushes an argument that she did not prove within the Complaint that she qualified for FMLA leave either for her own medical status or because she sought to use the leave to care for a son, requiring her to quarantine and that she had merely requested the FMLA paperwork from her employer.

Again, Defendant substantially overstates both the pleading specificity required and the test for an FMLA violation. As a series of decisions including *Byrne v. Avon Products, Inc.*, 328 F. 3d 379 (7th Cir. 2003) and *Valdivia v. Township High School District 214*, 942 F. 3d 395 (7th Cir. 395 (7th Cir. 2019) make clear, an employee need not have actually filled out the FMLA paperwork- or even mentioned the FMLA- if the employer is reasonably aware that the employee might be entitled to the leave.

Thus, in *Byrne*, the mere fact that the employee had begun behaving oddly in the workplace triggered a duty to offer the opportunity to file an FMLA application.

In *Valdivia*, the employee had described to her supervisor some physical and psychological symptoms. She then submitted a letter of resignation and appeared at the supervisor's house sobbing. Again, as in *Byrne*, the employee never filled out an FMLA form or even asked specifically to be approved for FMLA. Both decisions make clear that an employer may not point to its own lack of engagement or lack of interactivity with the employee as a defense to an FMLA claim.

Here, by contrast, Plaintiff specifically sought FMLA, providing a reasonable basis for the request, asked to fill out the paperwork, and was denied. Plaintiff clearly has stated a claim for an FMLA violation.

WHEREFORE, Plaintiff respectfully seeks entry of an Order denying Defendant's motion to dismiss.

Respectfully submitted,

s:/ Richard J. Gonzalez
Richard J. Gonzalez
Attorney for Plaintiff

RICHARD J. GONZALEZ
Attorney for Plaintiff
LAW OFFICES
CHICAGO-KENT COLLEGE OF LAW
565 W. Adams Street, Suite 600
Chicago, Illinois 60661-3691
Tel.: (312) 906-5079
Fax: (312) 906-5299
rgonzale@kentlaw.edu

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE ROBBINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HINSDALE TOWNSHIP HIGH SCHOOL )<br>DISTRICT 86, )<br>)<br>Defendant. ) | Case Number 1:22-CV-03010<br><br>Judge Andrea R. Wood |

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, on oath, deposes and states that she caused copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** to be served upon the parties listed below via e-mail and by placing copies of same in the U.S. Mail Chute located at 565 West Adams Street, Chicago, Illinois on October 4, 2022 at or before 5:00 p.m.:

To:

Katharine A. Larosa
Pamela E. Simaga
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Blvd. Suite 1000
Itasca, IL 60143
klarosa@hlerk.com
psimaga@hlerk.com

s:/ Sophia Sanchez
Sophia Sanchez
Paralegal for Richard J. Gonzalez
