IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE ROBBINS, </br></br> Plaintiff, </br></br> v. </br></br> HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, </br></br> Defendant. | Case Number 1:22-CV-03010 </br></br> Judge Andrea R. Wood |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's flippant dismissal of the Federal courts' pleading standards in her Response to the District's Motion to Dismiss is unpersuasive. The Rule 12(b)(6) dismissal standard bears repeating: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint must provide the grounds of the claimant's entitlement to relief, contain more than formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's Response fails to explain how it is that she has adequately pled any of her three counts against the District. Again, Plaintiff's admitted *constructive*, rather than *actual* discharge, pleads her out of both her ADEA and retaliatory discharge claims, and she fails to even address

this in her Response. Moreover, her ADEA claim is noticeably and obviously devoid of any causal connections between Plaintiff's age and the District's actions. Finally, her FMLA claim continues to be devoid of sufficient allegations about any serious medical condition. Thus, this Court should dismiss her Complaint pursuant to Section 12(b)(6) for failure to state a claim.

   I.  **Because Constructive Discharge Is Not Actionable, Plaintiff Failed to State a Claim for Retaliatory Discharge.**

First and foremost, and at the risk of sounding redundant, Illinois law does *not* recognize retaliation claims based on *constructive* discharge. Plaintiff admits that she retired rather than be discharged. (Compl. ¶ 21 (admitting Plaintiff emailed the District's Human Resources to retire), ¶ 29 (also acknowledging Plaintiff retired)). But even a constructive discharge is not enough to state a claim for retaliatory discharge in Illinois, and Illinois courts have consistently and repeatedly expressed their hesitation to expand the scope of retaliation claims "discharge" beyond actual termination. *See, e.g., Metzger v. DeRosa*, 209 Ill. 2d 30, 44 (2004) ("[T]his court has consistently sought to restrict the common law tort of retaliatory discharge" and "[w]e have . . . *never* recognized a common law tort for any injury short of actual discharge.") (emphasis in original); *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 467-68 (1999) ("[T]his court has thus far declined to recognize a cause of action for retaliatory constructive discharge or retaliatory demotion."); *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 39 (1994) ("We note that Illinois courts have refused to accept a 'constructive discharge' concept."); *Hartlein v. Ill. Power Co.*, 151 Ill. 2d 142, 163 (1992) ("We further decline to expand the tort of retaliatory discharge, on these facts, to encompass the concept of 'constructive discharge.'").

Again, the Seventh Circuit acknowledges that Illinois courts take a firm stance in that nothing short of actual discharge can state a claim for retaliatory discharge. *See, e.g.*, *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004) ("[O]nly an *actual* termination can support

an employee's retaliatory discharge claim under Illinois law."); *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir. 1992) ("On several occasions, plaintiffs have come forward stating claims for 'constructive' discharge—i.e., their employers made the work environment so inhospitable for the targeted employee that he or she was effectively forced to resign. Each met with the same result: dismissal for failure to state a cause of action under Illinois law."). Thus, anything short of an *actual termination* does not state a claim for retaliatory discharge regardless of how Plaintiff phrases it. Plaintiff chose to retire and was not discharged. (Compl. ¶¶ 21, 29). Thus, under well-established law, Plaintiff cannot state a claim for retaliatory discharge.

In her response, Plaintiff did not even address—let alone attempt to dispute—that her voluntary resignation completely bars her retaliation claim. She makes no response at all to the well-established case law. Thus, she has waived her claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Rather than disputing the grounds for the dismissal of her retaliatory discharge claim, Plaintiff merely argues that an employee who is terminated in retaliation for COVID safety mitigations may have such a claim. But the District does not dispute that. Plaintiff only cites to one case for the proposition that referencing COVID-19 is enough to survive a motion to dismiss, *Dunn v. Hamra Enterprises and Hamra Management Co., LLC*. 2022 WL 4291028. But the plaintiff in *Hamra* was actually terminated. *Id.* at *3 ("On May 14, 2020, Hamra *terminated* four employees: Dunn [plaintiff], two field technicians from Chicago (including Dunn's son), and one field technician from New England."(emphasis added)). Thus, Plaintiffs citation to it is nothing more than a distraction.

3

Again, the District does not dispute the importance or significance of the COVID-19 pandemic or required safety measures in school for employees and students alike. But Plaintiff was not terminated from her employment. And termination is the only type of adverse employment action that is sufficient to state a claim for retaliatory discharge. Plaintiff's failure to point to any case law or authority to the contrary and her failure to even respond to that argument means she has waived her retaliatory discharge claim and it should be denied.

### II. Plaintiff Failed to Plead Causation or an Adverse Employment Action under the ADEA.

Plaintiff simply failed to adequately plead an ADEA claim, and her claim should be dismissed pursuant to Rule 12(b)(6). Noticeably absent from the face of her Complaint are any facts alleging causation or an adverse employment action. Plaintiff misunderstands the District's motion to dismiss. The District did not proffer that the standard requires a plaintiff to prove a prima facie case under the ADEA on the face of his or her complaint in order to survive a 12(b)(6) motion. But that does not lower the pleading standard. In fact, Plaintiff's loose and frankly flippant description of the federal pleading requirements dismisses the standards set forth by *Iqbal* and *Twombly*, which require more than just stating the elements of a cause of action and require that complainants allege enough facts to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

In her Response, Plaintiff only restates the same conclusory statements she included in the Complaint—none of which arise to a discrimination claim under the ADEA. More specifically, Plaintiff states that she is "69 years old" (Resp. at 2; Compl. ¶10), that she was required "to report to work in person" while "similarly situated younger individuals were permitted to work remotely" (Resp. at 2; Compl ¶24), that the District had "unsafe conditions in the workplace" (Resp. at 2; Compl. ¶¶13, 14), and that a colleague "passed away after contracting COVID in the workplace"

4

(Resp. at 2; Compl. ¶10). She goes on to state that these are "typical facts to support a violation of ADEA." (Resp. at 2). But not only did she fail to cite to a single authority supporting that these facts are "typical" of a ADEA claim and enough to survive a 12(b)(6) motion, but beyond including her age none of the other facts mentioned support a claim under the ADEA. Again, Plaintiff's Complaint fails to include any allegation that the District treated her adversely *because* of her age. It is necessary for Plaintiff to allege that the District was motivated by her age or implemented polices that discriminated against employees based on their age. To the contrary, her allegations acknowledge that the District required all paraprofessionals (age notwithstanding) to work in person at the start of the school year. (Compl. ¶ 11.) Simply stating that she believed the conditions at work to be dangerous for anyone over 65 years old does make the District's age-blind decision to have all its classroom paraprofessionals in the school building discriminatory. Thus, Plaintiff fails to adequately plead but-for causation and her claim should be dismissed.

### III. Plaintiff Failed to State a Claim under the FMLA.

Plaintiff failed to establish a claim under the FMLA, and her Response provides no support for her argument that she adequately pled an FMLA violation. Again, she only pleads the conclusory statement that she "reasonably believed" that her leave was "allowable under the FMLA" (Compl. ¶ 33). But absent from the face of the Complaint is any allegation of what qualified her for FMLA leave. Plaintiff fails to plead a qualifying "serious health condition," which FMLA defines as a "an illness, injury, impairment, or physical or mental condition that involves— (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *see also Burnett v. LFW Inc.*, 472 F.3d 471, 478 (7th Cir. 2006). Plaintiff only states that she "began requesting FMLA paperwork" (Compl. ¶ 11) but does not allege that she or a family member had a "serious health condition" or

5

that the District had any reason to know that she or a family member had a serious health condition. The most she pleads is that her son was "scheduled for surgery and the doctor wanted Plaintiff and her son to quarantine before operation" and that she "requested FMLA paper [sic] paperwork." (Compl. ¶ 19) (though it is unclear if she claims her own or her son's health condition would qualify her for FLMA). She later alleges: "Plaintiff's request for leave from employment to care for her son and his medical requirements was reasonably believed by Plaintiff to constitute temporary 'intermittent leave' allowable under the FMLA" (Compl. ¶ 33). Nowhere in her Complaint does Plaintiff state that she, nor her son—nor anyone else in her family—qualified as having a serious medical condition under the FMLA.

In her Response, Plaintiff cites two cases for the proposition that an employee need not request FMLA in order to bring a claim for an FMLA violation against his or her employer. *See* Resp. at 4. Again, the District does not dispute this jurisprudence. Rather, the District contends that Plaintiff has failed to allege why she believed she was entitled to FMLA leave in order to survive a 12(b)(6) motion. Plaintiff cites to no authority in her Response to support her position that this claim has been adequately pled. Thus, this Court should dismiss Count III for failure to state a claim.

## CONCLUSION

Plaintiff failed to state any claim against the District, and her Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

By: /s/ Katherine A. LaRosa
One of the Attorneys for Defendant

Pamela E. Simaga, ARDC No. 6310283
Katherine A. LaRosa, ARDC No. 6329999
Hodges, Loizzi, Eisenhammer,
 Rodick & Kohn LLP
500 Park Blvd, Suite 1000
Itasca, IL 60143
psimaga@hlerk.com
klarosa@hlerk.com

**CERTIFICATE OF SERVICE**

   Katherine A. LaRosa, an attorney, hereby certifies that on October 28, 2022, a true and correct copy of the foregoing Defendant's Reply in Support of Its Motion to Dismiss was electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, via its CMF/ECF system which will send notification of such filing to the following:

Richard J. Gonzalez
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5079
rgonzale@kentlaw.edu


                  By: /s/ Katherine A. LaRosa
                  One of the Attorneys for Defendant


Pamela E. Simaga, ARDC No. 6310283
Katherine A. LaRosa, ARDC No. 6329999
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Blvd, Suite 1000
Itasca, IL 60143
psimaga@hlerk.com
klarosa@hlerk.com

1071296_2